## ROTTMAN v. WERNSING.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3037. Decided June 27, 1927.

Syllabus by Editorial Staff.

1105. STATUTE OF FRAUDS.

Defense of, is affirmative matter, and must be set up by answer or demurrer.

257. COMMISSIONS—for sale of Real Estate—1104 Statutes.

1. Amendment to Section 8621 GC., requiring contract for commission for sale of real estate to be in writing, contains no language giving it retroactive effect.

2. Cause of action which accrued prior to passage of amendment, not affected, by reason of 26 GC.

Error to Common Pleas.

Judgment reversed.

## STATEMENT OF FACTS.

The defendant in error brought suit in the Municipal Court of Cincinnati for commission on the sale of real estate. The trial was before the court, without the intervention of the jury, and resulted in a judgment for defendant in error here against the plaintiff in error, Rottman.

HAMILTON, PJ.

"One of the questions argued by plaintiff in error, without specially designating the

same, is that the conclusions of law and the judgment are not supported by the finding of facts.

There is sufficient stated in the finding of facts to support the judgment on the question of proof, and the judgment will not be disturbed on that ground.

The other question raised is that, under the amendment to Sect. 8624, this action could not be maintained, since there was no memorandum, or note, or writing, signed by the party, and argues that in order for claimant to recover in this action, he is compelled to prove his agreement by written contract.

At the outset it may be suggested that the defense of the statute of fraud is affirmative matter that should be set up by answer or demurrer, neither of which was done in this case. The statute of frauds must be relied upon as a defense, and an issue made on that question, and, unless so made, such a defense is inapplicable. Ogden v. Ogden, 4 OS. 192; Wood v. Dilley, 11 Ohio 455.

But, passing the question of the failure to make the statute an issue in the case, it is conceded that the. cause of action sued upon in this case accrued and existed prior to the passage of the amendment requiring such contracts to be in writing. This being true, the cause of action having accrued under the provision of Section 26 GC., the amendment could not affect the pending cause of action. Section 26 provides: "* * * nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing, at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

The amendment to Section 8621 GC. contains no language giving it a retroactive effect. This being true, under the decision of the Supreme Court in the case of State ex v. Huwe, 103 OS. 546, Sect. 26 of the General Code protects the cause of action sued upon in this case, and is not affected by the amendment.

Our conclusion is that the judgment of the Municipal Court was correct, and the cause will be remanded to the Court of Common Pleas, with instructions to reinstate the petition in error, and to affirm the judgment of the Municipal Court."

(Cushing, J., concurs.)